E-FILED
Monday, 10 September, 2007  02:45:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SUN STRUCTURE DESIGNS, INC., a/k/a, GLASS STRUCTURES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 07-2164 ) ) |
| FOUR SEASONS MARKETING CORP., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
FOUR SEASONS MARKETING CORP.'S MOTION TO COMPEL
ARBITRATION AND STAY FURTHER JUDICIAL PROCEEDINGS**

Defendant Four Seasons Marketing Corp. ("Four Seasons") by and through its attorneys, respectfully submits this memorandum of law in support of its motion to compel arbitration and stay judicial further proceedings in connection with litigation brought by plaintiff Sun Structure, Inc. a/k/a Glass Structures, Inc ("Sun Structure").

**INTRODUCTION**

On August 9, 2007, Sun Structure filed a complaint seeking an order for equitable relief and an award of monetary damages for claims relating to its franchise agreement with Four Seasons. Although originally filed in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, Four Seasons removed the matter to this court pursuant to 28 U.S.C. § 1441.

Having alleged claims that arise out of and relate to the franchise agreement between Sun Structure and Four Seasons, Sun Structure's claims are subject to the mandatory arbitration provision in the franchise agreement. The arbitration provision requires Sun Structure to resolve any dispute that it may have relating to the Franchise Agreement through binding arbitration

1

pursuant to the Federal Arbitration Act. Because the arbitration provision at issue is binding and enforceable on Sun Structure, this Court should stay this action, including but not limited to, Four Seasons' time to respond to Sun Structure's complaint. In addition, this Court should compel Sun Structure to arbitrate this dispute as a claim in the arbitration that was commenced by Four Seasons.

## FACTUAL BACKGROUND

The background of this dispute is more fully set forth in the certification of Tony Russo in support of Four Seasons' motion to compel arbitration and stay further judicial proceedings dated September 7, 2007 (the "Russo Cert.") and declaration of Phillip Van Ness dated September 7, 2007 (the "Van Ness Dec."). Generally, this case involves the termination of addendums to a franchise agreement between Four Seasons and Sun Structure. The termination of the addendums was based upon Sun Structure's failure to meet minimum performance standards.

On March 15, 1991, Four Seasons and Sun Structure entered into a franchise agreement. (Russo Cert. ¶ 3) The parties renewed their franchise relationship by agreement dated April 25, 2001 (the "Franchise Agreement"). (Russo Cert. ¶ 3). In addition, on April 25, 2001, Four Seasons and Sun Structure entered six Satellite Territory Special Stipulations to the Franchise Agreement. (Russo Cert. ¶ 4). On September 13, 2002, Four Seasons and Sun Structure entered an additional Satellite Territory Special Stipulation to the Franchise Agreement for Sectionals 420, 636, 637, 638 and 639. (Russo Cert. ¶ 4). (These seven stipulations are collectively referred to as "Special Stipulations.") The Special Stipulations are amendments to the Franchise Agreement that set forth additional territory in which Sun Structure was permitted to conduct business. (Russo Cert. ¶ 4).

Sun Structure failed to perform as required by the Special Stipulations. (Russo Cert. ¶ 5). On May 17, 2007, Four Seasons provided Sun Structures with notice that it was in default of the minimum performance standards required under the Special Stipulation. (Russo Cert. ¶5). Sun Structure failed to cure this default. (Russo Cert. ¶ 5). On June 18, 2007, Four Seasons notified Sun Structure that it was terminating the Special Stipulations. (Russo Cert. ¶ 5).

On August 7, 2007, Sun Structure filed a complaint (attached to the Notice of Removal) seeking to permanently restrain Four Seasons from a) granting a franchise or dealership in territory designated in the Special Stipulations; and b) engaging in business with Peoria Siding and Window Company, Inc. or any other company in the territory designated in the Special Stipulations. In addition, Sun Structure seeks a monetary award of $50,000.00 and an order directing Four Seasons to reinstate Sun Structure's Franchise Agreement and Special Stipulations. On August 3, 2007, Sun Structure filed a motion for a preliminary injunction (attached to the Notice of Removal) to enjoin Four Seasons from a) granting a franchise or dealership in certain territories in which Sun Structure had been conducting business as a Four Seasons franchisee and b) engaging in business with Peoria Siding and Window Company, Inc. or any other company in certain territories in which Sun Structure had been conducting business as a Four Seasons franchisee. (Van Ness Dec. ¶ 4). A hearing on Sun Structure's motion was scheduled in the Circuit Court for September 20, 2007. (Van Ness Dec. ¶ 4). Four Seasons has formally filed a demand for arbitration as per the written Franchise Agreement (Russo Cert. ¶ 7).

The arbitration provision in the Franchise Agreement is clear and provides:

> Any controversy or claim arising out of or relating to this Agreement, or any breach thereof, including without limitation, any claim that the Agreement, or any part of the Agreement, is invalid, illegal or otherwise voidable or void, or the enforcement of any right or obligation which by its nature survives the expiration or termination of the Agreement, shall be submitted to arbitration before and in

accordance with the Commercial Rules of Arbitration of the American Arbitration Association.

(Russo Cert. at Exhibit B).

## STANDARD OF LAW

Under the Federal Arbitration Act ("FAA"), "a party aggrieved by the alleged failure, neglect, refusal of another to arbitrate under a written agreement for arbitration may petition [the court with subject matter jurisdiction] for an order directing that such arbitration proceed…" 9 U.S.C. § 4.  The FAA applies here because the Franchise Agreement involves interstate commerce.  <u>Gingiss Intern., Inc. v. Bormet</u>, 58 F.3d 328 (7th Cir. 1995).  The FAA also requires a court to stay an action pending the arbitration ordered pursuant to the FAA.  9 U.S.C. § 3.

## ARGUMENT

### SUN STRUCTURE IS REQUIRED TO ARBITRATE THE CLAIMS ALLEGED IN ITS COMPLAINT

**I.     Four Seasons is aggrieved by Sun Structure's failure to arbitrate.**

Four Seasons and Sun Structure have agreed to arbitrate this dispute.  Notwithstanding that written agreement Sun Structure commenced an action in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois.  (Russo Cert. ¶ 2).

As an aggrieved party Four Seasons has the right to petition this court seeking an order to compel Sun Structure to arbitrate pursuant to the valid written agreement to arbitrate.  9 U.S.C. § 4.

**II.    Sun Structure's Claims Must be Arbitrated.**

It is well established that arbitration is a favored method of dispute resolution.  <u>See, e.g.</u>, <u>Shearson/American Express, Inc. v. McMahon</u>, 482 U.S. 220, 226 (1981) (The Federal Arbitration Act establishes a "federal policy favoring arbitration" requiring courts to "rigorously

4

enforce agreements to arbitrate."); Lieschke v. Realnetworks, Inc., 99 C 7274, 2000 DIST. U.S. LEXIS 1683, at 5 (N.D. Ill. Feb. 10, 2000). Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2; see also Harter v. Iowa Grain Co., 220 F.3d 544, 549 (7th Cir. 2000)("The Federal Arbitration Act provides that a court must stay its proceedings and compel arbitration if it is satisfied that an issue before it is arbitrable under the parties' agreement."); Pryner v. Tractor Supply Co., 109 F.3d 354, 361 (7th Cir. 1997) ("a court can properly stay a suit before it if *any* issue in the suit is arbitrable, even if some issues are not.") Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Contsr. Corp., 460 U.S. 1, 24-25 (1983).

In addressing a motion to compel a district court is to conduct a two-step inquiry. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985). First, the court determines whether the parties agreed to arbitrate the dispute in question. Id. Once it is determined that the parties agreed to arbitrate then the court must consider whether any federal statute or policy renders the claim unarbitrable. Id.

This court should compel Sun Structure to arbitrate its claims because: 1) the dispute between Four Seasons and Sun Structure falls within the scope of a valid written arbitration agreement; and 2) there are no legal constraints external to the parties' agreement foreclosing enforcement of the parties' arbitration agreement.

### A. A Valid Written Agreement to Arbitrate Covering the Claims in the Plaintiff's Complaint Exists.

The claims in Sun Structure's complaint must be arbitrated because they are within the scope of a valid written arbitration provision in the Franchise Agreement.

"A claim will be deemed arbitrable if an arbitration clause is capable of any interpretation that a claim is covered." Lieschke v. Realnetworks, Inc., 2000 DIST. U.S. LEXIS 1683 at 6. Arbitration clauses that apply to all controversy or claims, such as the one in the Franchise Agreement, are deemed to be very broad and cover all possible claims that might arise. Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc., 293 F.3d 1023, 1030 (7th Cir. 2002)("This court has characterized similar provisions as extremely broad and capable of an expanse reach.") Broad arbitration provisions create a presumption of arbitrability. Id. Any doubt concerning the scope of an arbitration clause must be resolved in favor of coverage. James v. McDonald's Corp., 417 F.3d at 677 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, L.Ed.2d 765 (1983)). Sun Structure's complaint includes claims for breach of the Franchise Agreement and specific performance of the Franchise Agreement. As the arbitration provision in the Franchise Agreement covers any controversy or claim arising out of or relating to this Agreement, or any breach of the Franchise Agreement the allegations in Sun Structure's complaint are arbitrable. (Russo Cert. at Exhibit A).

The Seventh Circuit routinely compels arbitration of claims containing similar arbitration provisions to the one here. See e.g. James v.McDonald's Corp., 417 F.3d 672 (7th Cir. 2005); Gingiss Intern., Inc. v. Bormet, 58 F.3d 328. In Gingiss, this Court upheld a district court's order granting a motion to compel arbitration under an agreement providing for arbitration of "all disputes and claims relating to any provision" of the franchise agreement. Here, the arbitration provision is even broader leaving no doubt that Sun Structure's claims must be arbitrated.

In this case, Sun Structure expressly agreed to arbitrate any controversy or claim arising out of, or relating to, the Franchise Agreement, or the breach thereof. The allegations in Sun Structure's lawsuit involve the Franchise Agreement and allegations of a breach of the Franchise

Agreement. Sun Structure's entire case against Four Seasons is based on the Franchise Agreement and clearly falls within the broad arbitration provision.

      **B.    There is No Federal Statute or Policy Rendering Sun Structure's Claims Non-arbitrable.**

After finding a valid agreement to arbitrate and determining that the parties' disputes fall within the scope of that agreement, the court must determine "whether any federal statute or policy renders that claim non-arbitrable." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985). There is no federal law or policy that impedes the enforcement of arbitration agreements claims arising out of franchise agreements. Accordingly, Sun Structure's claims should be arbitrated in this dispute as a claim in the arbitration proceeding that Four Seasons commenced.

    **III.    This Court has Subject Matter Jurisdiction.**

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. 28 U.S.C.A. §1332   There can be no dispute that the parties are citizens of different states. Four Seasons is a corporation organized under the laws of the State of Nevada with its principal place of business is in New York. (Russo Cert. ¶ 9). Sun Structure is a corporation organized under the laws of Illinois. (Russo Cert. ¶ 9). When a party seeks injunctive relief the amount in controversy "is measured by the value of the object of the litigation, and the object may be valued from either perspective, that is, what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." Macken ex rel. Macken v. Fensen, 2003 WL 21453868 (7th Cir. 2003).

Here, the amount in controversy is much greater than $75,000.00. First, Sun Structure seeks monetary damages in excess of $50,000.00 for Four Seasons' alleged breach of contract.

Second, Sun Structure seeks injunctive relief whose value is at least $100,000.00. (Russo Cert. ¶ 10). In its complaint, Sun Structure seeks to enjoin Four Seasons from selling any franchises in the territories designated by the Special Stipulations. Four Seasons would be able to sell at least four franchises within the territories encompassed by the Special Stipulations and as it receives $25,000.00 per franchise the value of the object of this aspect of the litigation exceeds $100,000.00 (Russo Cert. ¶ 10). Thus, at a minimum the amount in controversy as alleged in plaintiff's complaint is $150,000.00.

This court has jurisdiction to compel Sun Structure to arbitrate this dispute as a claim in the arbitration commenced by Four Seasons.

**IV.    THE COURT SHOULD STAY ALL PROCEEDING IN THIS ACTION PENDING A DETERMINATION OF THIS MOTION.**

For all the reasons set forth above and in the accompanying Russo Cert. and Van Ness Dec., Four Seasons is overwhelmingly entitled to the relief requested in this motion. A court "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Accordingly, Four Seasons requests a stay of the proceedings in this action, including but not limited to Four Seasons' time to answer the complaint.

## **CONCLUSION**

Sun Structure has agreed that arbitration is its remedy for any controversy or claim arising out of or relating to the Franchise Agreement or the breach of the Franchise Agreement. All of Sun Structure's claims fall within the scope of the arbitration provision set forth in the Franchise Agreement. Accordingly, Four Seasons requests that an order be entered compelling

Sun Structure to arbitrate this dispute as a claim in the arbitration Four Seasons commenced in accordance with the FAA and the Franchise Agreement.

September 10, 2007

    WEBBER & THIES, P.C.
By: s/ Phillip R. Van Ness
    Phillip R. Van Ness
    *Attorneys for Defendant*
    PO Box 189
    202 Lincoln Sq.
    Urbana, Illinois 61803
    Telephone: (217) 367-1126
    Facsimile: (212) 367-3752

OF COUNSEL – Admission Motion Pending

    Michael Einbinder (ME-3930)
    Ross H. Gould (RG-8330)
    EINBINDER & DUNN, LLP
    *Attorneys for Defendant*
    104 West 40th Street
    New York, New York 10018
    (212) 391-9500

**PROOF OF SERVICE**

I, Phillip R. Van Ness, hereby certify that on September 10, 2007, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FOUR SEASONS MARKETING CORP.'S MOTION TO COMPEL ARBITRATION AND STAY FURTHER JUDICIAL PROCEEDINGS** with the Clerk of the Court using the CM/ECF system with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lorna K. Geiler, Esq.

s/ Phillip R. Van Ness
Phillip R. Van Ness
Attorney for Defendant
WEBBER & THIES, P.C.
202 Lincoln Square
P.O. Box 189
Urbana, IL 61803
Telephone: (217) 367-1126
Facsimile: (217) 367-3752
E-mail: pvanness@webberthies.com